SARAH BARNES

*v.*

THE EXECUTORS OF CHARLES DANFORTH, deceased.

A legacy given to a trustee as compensation for her services, to be rendered, although given on condition of her giving security, forms no exception to the general rule that all legacies are payable one year after the testator's death, and bear interest from that time.

On written submission of question.

*Mr. William Barnes,* of New York, for the legatee.

*Mr. William Pennington,* for the executors.

THE CHANCELLOR.

The question submitted is, whether the legacy given to Sarah Barnes by the third codicil to the will of Charles Danforth, deceased, bears interest, and if so, from what time. The bequest is in these words :

" I give and bequeath to Sarah Barnes, sister of Dr. Orson Barnes, the sum of $5,000, in full compensation for her services as trustee of the estate of my grandchild, Sarah L. Barnes, but not to be payable to her unless her brother, Dr. Orson Barnes, should die before fulfilling the said trust, or unless, upon such death, she accepts and enters upon the execution of said trust, and not to vest in her until she actually enters upon the execution of said trust. Upon entering upon the execution of said trust, she shall give such security, not to exceed the amount of $50,000, as my executors think sufficient for the protection of my said grandchild ; and if she cannot give such satisfactory security, let the executors keep the property and apply it themselves for my said grandchild's benefit, according to law and my will."

The duration of the trust, which is of the person and estate, is until the grandchild shall attain to the age of twenty-five years. Dr. Barnes died before the testator. The latter died in or about the month of March, 1876. Miss Barnes gave the required bond on the 21st of June following. There is nothing in the language or character of this bequest to take it out of the general rule that where no time is fixed for payment, the legacy is payable at the end of one year from the death of the testator, and bears interest accordingly. The testator, in a former part of the codicil, had appointed Miss Barnes trustee of the grandchild in case of the death of Dr. Barnes (who was the child's father) before completing the trust. In the bequest he guards against the construction that the $5,000 were intended as an absolute legacy to her, by declaring that they are not to be payable to her unless Dr. Barnes should die before completing the trust, and she

should accept the obligation of the trust and enter upon the execution thereof; and he adds that the legacy is not to vest in her until she shall give the required bond. The language neither necessitates nor leads to the conclusion that the testator intended that the legacy should be payable when the legatee should enter on her duties as trustee. He does not in terms, or by inference, provide that the legacy shall be payable when the legatee shall have duly entered upon the execution of the trust. In the second codicil to the will he provides for the payment of other legacies immediately after his death. He fixes no time for payment of the legacy to Miss Barnes, or the legacy which he gives to one of his executors as compensation for his services in settling the estate. Nor does the fact that the legacy to Miss Barnes was given as compensation for her services to be rendered as trustee, take the case out of the general rule. Though it was given for compensation for services, it was for services to be rendered, and it was optional with the legatee whether she would accept the trust and so become liable to perform the services or not. In *Church at Acquack-anonk* v. *Executors of Ackerman, Sax.* 40, it was held that a legacy given to a widow in lieu of dower was within the common rule, and bore interest only after one year from the testator's death.

The legatee in the case under consideration is entitled to interest on her legacy from the expiration of one year after the death of the testator.